■ WEIL, GOTSHAL & MANGES LLP, Plaintiff, v FASHION BOUTIQUE OF SHORT HILLS, INC., et al., Defendants. PRADA USA CORP., Nonparty Appellant; JESSICA MARTINI, Nonparty Respondent. [847 NYS2d 162]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 1, 2006, which compelled nonparty appellant Prada to pay nonparty respondent Martini the latter's costs and expenses, including legal fees, in giving deposition testimony, unanimously affirmed, without costs.

Martini was subpoenaed by defendants in the underlying action to give deposition testimony regarding Prada's legal relationship with plaintiff. The deposition was to be limited to a transaction that had taken place during Martini's former

employment by Prada, but Prada apparently concealed the fact that it had fired Martini.

Under the unique facts of this case, we agree with the motion court that Martini was entitled to be reimbursed for the expenses of her legal representation in connection with this deposition. We further agree that Prada's counsel, who had represented Prada at the time of Martini's wrongful termination lawsuit against it, was in conflict by virtue of that litigation and could not represent her at the deposition, especially since communications from Prada's law firm made clear that its loyalties lay with Prada, and its aid to Martini in preparing for her deposition would be governed by that loyalty. The court properly exercised its discretion, in its role of supervising discovery, under these unusual circumstances, to require Prada to reimburse Martini the costs of retaining independent counsel. In view of the circumstances, CPLR 3116 (d) will not be read to impose this obligation on defendant as the party taking the deposition. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.